IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 16, 2013 Session

## STATE OF TENNESSEE v. MICHAEL JASON VANCE

**Appeal from the Circuit Court for Rutherford County**
**No. F-64237          David Bragg, Judge**

--------

**No. M2011-02469-CCA-R3-CD - Filed November 12, 2013**

--------

JAMES CURWOOD WITT, JR., J., concurring.

I respectfully write separately to express somewhat different views from the majority on two issues.

First, relative to the 911 dispatcher's testimony that the 911 system maintained a "flag" on the defendant's address that indicated issues of officer safety, the majority relies upon the failure of the "flag" to identify the defendant as the source of the issue as a basis for denying the defendant relief. I believe that, given other evidence in the case, the officer-safety flag substantially implicated the defendant. Consequently, the trial court should have excluded the evidence. On the other hand, the totality of the evidence in the case renders the admission of this evidence harmless, and I would have affirmed the denial of relief on that basis.

Second, the majority cites *State v. Bise*, 380 S.W.3d 682, 707 (Tenn. 2012), in support of its statement of the standard of review of sentence alignment issues. *Bise* did not address a sentence alignment issue, and I have previously opined that the caselaw history preceding *Bise* did not warrant extending *Bise* to this issue. *See Oregon v. Ice*, 555 U.S. 160, 172 (2009); *State v. Allen*, 259 S.W.3d 671, 688 (Tenn. 2008); *Raymond Ross v. State*, No. W2010-00875-CCA-R3-PC (Tenn. Crim. App., Jackson, Sept. 29, 2010).

That said, I offer a comment about the trial court's exclusion of the defendant's second expert witness while allowing the State to utilize two expert witnesses. The majority correctly does not rely upon cumulation of evidence as a basis for denying relief as did the trial court. In my view, allowing the State to use two expert witnesses on the defendant's

capacity to form the intent necessary to commit the crime while denying the defendant the opportunity to call a second such witness on the basis that his second witness' testimony was cumulative is patently unfair. In a "battle of experts," quantity may be as important to a jury as quality. It seems to be a matter of what is "good for the goose is good for the gander."

_____
JAMES CURWOOD WITT, JR., JUDGE